# THE
# TEXAS LAW REPORTER

## AUSTIN, TEXAS, JUNE, 1884.

### TEXAS & PACIFIC RAILWAY CO. vs. G. F. DAVIS.

IN COURT OF APPEALS, AUSTIN TERM, 1884.

*Common Carriers--Contracts Limiting Liability of.*—By the statute of this state it is provided that railway companies and other common carriers within this state shall not limit or restrict their liability as it exists at common law, in any answer whatever, and no special agreement in contravention of this provision is valid. This statute does not apply to or affect interstate carriers doing business in this state.

*Same.*—In the absence of prohibitory statute, a common carrier may, by express contract limit and restrict its common law liability to a reasonable extent, but not to the extent to exempt its liability for loss or damage occasioned by its own negligence. Hence, the condition which, in this case seeks to exempt the company from liability for damage arising from other cause than its own fraud or *gross* negligence, is invalid, as against public policy, because the carrier cannot be permitted to stipulate for immunity against its own negligence of any decree.

*Same—Evidence.*—The contract in other respects, if made in Arkansas, must be held valid in this state, and will afford defense, unless such defense is defeated by the company's own acts or omission. See the opinion for facts shown, held to work a forfeiture for defense set up under the contract.

*Measure of Damages* in action for value of sheep shipped from H. in A. to B. in this state, was their value at the place of destination.

Appeal from Lamar county.

*Campbell & Baldwin,* for appellant.

*A. Pollard,* for appellee.

Appellee shipped a car load of sheep from Hope, Arkansas, to Brookston, Texas, on the line of appellants road. The contract for

shipment was in writing, and among a number of conditions and stipulations therein contained we extract the following which bear upon the questions presented for our decisions, viz:

1. "The said owner and shipper do hereby assume (and release the said railway from) all injury, loss and damage, or depreciation which the animals or either of them being weak, or escaping, or injuring themselves or each other, or in consequence of over-loading, heat, suffocation, fright, viciousness or of being injured by fire or the burning of any material while in the possession of the company; and from all other damage incidental to railroad transportation which shall not have been caused by the fraud or gross negligene of os said railroad company."

2. "The business of the company shall not be delayed by the detention of trains to unload and reload stock for any cause whatever; but cars may be left at a station upon the request of the person in charge of the same to be forwarded by the next freight train if so desired."

3. "Should damage occur for which the company may be liable, the value at the date and place of shipment shall govern the settlement."

4. "All the conditions of contract shall apply to and govern the transportation of this stock over any and all roads which shall form a part of the route to the destination named."

5. "Conductors on trains carrying the stock will recognize and pass the person in charge of said stock, but such person will not be passed free on any other train."

Before shipping the stock appellee had constructed in the car furnished by the company an upper deck or floor, and loaded a portion of the sheep in this upper apartment, the remainder of the sheep being on the floor proper, of the car. The car furnished by the company was a safe and good one. The upper floor was constructed by a mecanic who was recommended to appellee by the agent of appellant as a proper person to do the work. When the sheep arrived at Texarkana, appellee paid the freight due thereon, and at that point the appellant's company received the car loaded with said sheep to be transported to Brookston. No new contract was entered into at that or any other point. Up to that point appellee had been permitted to travel free on the train under his said contract, with the company. When the train left Texarkana, however, the

conductor thereon refused to recognize said contract of shipment and demanded of appelle that he should either pay his fare or leave the train. Appellee paid his fare to Brookston and remained upon the train. At Clarksville appellee discovered that the upper floor in the car was likely to break down and thereby cause injury to the sheep. At that point he requested the conductor of the train to switch the car off the track and leave it at Clarksville or at the nearest station ahead, that he might prevent the threatened injury to the sheep. This the conductor refused to do, but went on with the train, passing one station and refusing to switch off the car until the train reached Blossom Prairie, and it was there ascertained that the upper floor of the car had fallen down and killed some seventy head of the sheep. Before loading the car at the place of shipment appellee was notified that if he shipped the sheep loaded in the manner they were loaded, that such shipment would be at his own risk and in the contract of shipment the letters "O. R." were inserted under the head of "description of stock," and these letters were proved to signify that the stock was shipped at the "owner's risk." It was proved that the sheep were worth in the market at Hope, Arkansas, from .75 to $1.25 per head, and that they were were worth in the market of their destination, Lamar county, Texas, $3.00 per head. There was a verdict and judgment for appellee, for $219.00, the value of the sheep lost, $11.52 interest, and $4.50 passenger fare from Texarkana to Brookston, making a total of $236.00.

1. Appellant contends that this verdict and judgment are not warranted by the evidence and law of the case.

1. Because the loss sustained by appellee, was caused by his own act in loading the car in the manner before stated.

2. Because he was notified by the company that if he so loaded the car, it would be at his own risk, and it was so expressed in the contract of shipment.

3. Because appellee, under the terms of the contract was only entitled to recover, if entitled to recover anything, the value of the sheep at the place of shipment.

It is insisted that the conditions of the written contract of shipment are valid and must determine the rights of appellee in this suit.

Is this position correct? Are the conditions contained in the

contract and which are insisted upon by appellant valid ? This contract was entered into in the State of Arkansas, but by its terms the sheep were to be transported to Brookston, in the State of Texas. The contract was therefore to have effect in this state as well as in the state where made. By statute of this state it is provided that railroad companies and other common carriers within this state, shall not limit or restrict their liability as it exists at common law, in any manner whatever, and no special agreement made in contravention of this provision is valid. (Rev. Stats., Art. 278.) This statute applies to carriers who are carrying on business as such *in this state* and was never intended to apply or effect interstate carriage or traffic. (W. and W. Con. Rep. Sec. 335–1260.)

If then the contract was valid in Arkansas, it must held to be valid in Texas. In the absence of any statute prohibiting it, common carriers may relimit or restrict by express contract their common law liability to a reasonable extent but they cannot exempt themselves from liability for loss or damage caused by their own negligence. (W. and W. Con. Rep., sec. 334.)

The first condition quoted from the contract of shipment, which exempts the appellant from all damage incidental to railroad transportation which shall not have been caused by fraud or gross negligence of said railway company, is, we think, contrary to public policy and void to the extent that it undertakes to relieve appellant from responsibility from other negligence than that which is *gross*. It is not permissible for a common carrier to stipulate for immunity against his own negligence, no matter what degree of such negligence may be. Such a stipulation is against public policy and is void no matter where made. (W. & W. Con. Rep. sec. 774–1257.)

We are of the opinion that the other conditions and provisions in the contract which we have quoted are legal and valid when considered without reference to our statute.

If then, the contract was valid where made it must be given effect in this state, and appellant is entitled to resort to its provisions as a defense in this action unless such right has been forfeited by its own act or omission. Under the evidence in this case, has appellant the right to shield itself from responsibility under the limitations of this contract ? We are of the opinion that it has no such right. It refused to recognize the binding force of said contract as soon as the sheep reached Texas, and were received on its line of

railway. It refused to pass appellant free of charge over said line, and he was required either to pay his fare or leave the train. It refused to switch off the car of sheep when requested by appellee so to do, and there was no sufficient excuse shown for refusing this request. These acts were in direct violation of the express provisions of the contract and clearly evinced an abandonment and repudiation of the contract by the appellant. Such being the case appellant can not be now heard to appeal to the limitations of that contract for relief. It would be inequitable to allow this to be done. It cannot be heard to claim the advantages and immunities provided for it by the terms of said contract, while it at the same time disavows and repudiates the rights guaranteed appellee thereunder. Having seen proper thus to repudiate the contract, it assumed the full liability of a common carrier when it received appellee's sheep upon its line of road at Texarkana, and the extent of that liability must be measured and determined without reference to the said contract of shipment.

We are of the opinion therefore that appellant was properly held responsible for the loss of the sheep, and that the proper measure of damage was the market value of the sheep at Brookston, Texas, the place of destination. We do not think that interest was recoverable in this case and the judgment to that extent is excessive. (Fowler vs. Davenport, 21 Texas, 627 ; R. R. Co. vs. Muldrow, 54 Texas, 233 ; W. and W. Con. Rep., sec. 1254.)

Appellee has filed in this court a remitter of the interest awarded him and also of the amount of $4.50 railroad fare paid by him. We will therefore reverse the judgment and here render judgment that appellee recover of appellant the sum of $219.00 as his damages, and all costs of the court below and that appellant recover the costs of this appeal.

Reversed and remanded. Wilson, J.